

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00066-CV

MCDONALD'S RESTAURANTS OF TEXAS, INC.,
MCDONALD'S USA, LLC, AND MCDONALD'S
CORPORATION,

                                                   **Appellants**

 V.

WILLIAM PAUL CRISP, JR. AND J. NICOLE CRISP,
INDIVIDUALLY AND AS REPRESENTATIVES OF
THE ESTATE OF LAUREN BAILEY CRISP AND
DENISE WHITAKER, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
DENTON JAMES WARD,

                                                 **Appellees**

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 12-003034-CV-361

## ABATEMENT ORDER

The record in this appeal, originally due in March of 2015, is almost seven

months late. The trial court's official court reporter, Felix Thompson, initially requested

an extension of time to file the record to May, 4, 2015. That request was granted. On May 4, 2015, citing his efforts to become current in several felony criminal appeals and his habit of being overly optimistic in his estimates of how long it would take to complete a record, Thompson requested an extension of time to June 22, 2015 to file the record in this appeal. That request was also granted. By June 12, 2015, and citing various reasons, Thompson filed a third request for an extension of time, this time until July 20, 2015, to file the record. And again Thompson's request was granted. This time, however, Thompson was warned that "[a]bsent extraordinary circumstances, no further request for extension of time to file the reporter's record will be entertained."

On July 12, the Court received an affidavit from Thompson informing the Court that he could no longer keep up "the pace and rigor of demands of a court reporter in a busy 361st District Court," and was retiring as of September 30, 2015. Thompson also informed the Court that he would "try diligently" to complete the record in this appeal by August 7, 2015. This affidavit was followed on August 10, 2015 by a fourth request for extension of time to file the record in this appeal. This time, Thompson cited this Court's threats of contempt for failure to file other records as the reason he could not complete the reporter's record in this case. He requested an extension until September 17, 2015. The parties in this appeal filed a joint motion agreeing to the extension until September 17, 2015 but opposing any further extension beyond that date. Thompson's fourth request was also granted, and the record was ordered due by September 17,

2015.

No reporter's record was filed and no extension was requested by September 17, 2015. A late record notice letter was sent to Thompson by the Court on September 28, 2015 requesting contact from Thompson within 10 days from the date of the letter. No contact was made.

It is the joint responsibility of this Court and the trial court to ensure that the appellate record is timely filed. TEX. R. APP. P. 35.3(c). Further, this Court may enter any order necessary to ensure the timely filing of the appellate record. *Id*.

Accordingly, this appeal is ORDERED to be abated for the trial court, the Honorable Steve Smith, Judge of the 361st District Court, to conduct a hearing within 14 days from the date of this Order to:

1. determine a date certain by which the reporter's record will be filed and order it filed by that date; or

2. determine the record is lost or destroyed within the meaning of Texas Rule of Appellate Procedure 34.6(f).

Appellate counsel for all parties and Felix Thompson must be provided notice of the hearing. The Court directs Thompson to appear at the hearing to provide testimony relevant to the above matters. Counsel for the parties must determine if any other witnesses are necessary to provide testimony relevant to the above matters and must secure their attendance, if necessary, at the hearing. The hearing must be attended by a certified court reporter (other than Felix Thompson) who must prepare a transcription

of the hearing and must file that transcription as a supplemental reporter's record in this appeal.

The trial court must take whatever actions it deems appropriate, including holding the reporter in contempt until the record has been filed, to ensure that if it can be prepared, the record is prepared and delivered to the Court of Appeals by the date ordered by the trial court in item 1 above.

The trial court may also consider appointing a third-party certified court reporter to review Thompson's notes and/or recordings and prepare the record so that it can be filed by the date ordered by the trial court in item 1 above.

The trial court must prepare and issue written findings of fact and conclusions of law with regard to the issues identified in this abatement order within seven (7) days after the date of the hearing. A supplemental clerk's record and the supplemental reporter's record must be filed within 14 days after the date of the hearing.

If the trial court determines the record is lost or destroyed, the case will be remanded for a new trial. If the trial court determines that the record is not lost or destroyed, the record must be filed with the Clerk of this Court by 5 p.m. on the date ordered by the trial court in item 1 above. If no record is filed by the date ordered by the trial court in item 1 above, this case will be remanded for a new trial.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal abated
Order issued and filed October 22, 2015

